IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GROUPON, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> GROUPOCITY, LLC, a Delaware limited liability company, <br><br> Defendant. | Civil Action No. <br><br><br> **Jury Trial Demanded** |

### VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, CONSUMER FRAUD AND DECEPTIVE TRADE PRACTICES

1. Plaintiff Groupon, Inc. (hereinafter "Groupon") brings this complaint against defendant Groupocity LLC (hereinafter "Groupocity" or "defendant") for defendant's infringement and dilution of Groupon's Federal Registered Mark and common law rights, and unfair competition and deceptive trade practices. As its complaint against defendant, Groupon alleges as follows:

### NATURE OF THE ACTION

2. This is an action for service mark infringement, unfair competition and dilution pursuant to the Lanham Act, 15 U.S.C. § 1125(a); dilution pursuant to the Illinois Trademark Registration and Protection Act, 765 ILCS § 1036/65 and the common law of the State of Illinois; consumer fraud pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill.Comp.Stat. § 505/1, *et seq.*; and deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 Ill.Comp.Stat. § 510/1, *et seq.* Despite knowledge of Groupon's use and substantial common law and Federal rights in the Groupon trade name and

service mark, Groupocity has used a confusingly similar term in connection with the identical services in direct competition with Groupon and in violation of Groupon's rights. Because of the immediate and irreparable harm caused by Groupocity's improper use of Groupon's mark, Groupon seeks preliminary and permanent injunctive relief and damages for Groupocity's illegal and unauthorized acts.

3. The action results from, *inter alia*, defendant's infringement of Groupon's Federal Registered Mark, GROUPON (U.S. Registration No. 3,685,954) (hereinafter "GROUPON") (see Exh. A), through defendant's unauthorized use of the confusingly similar term GROUPOCITY on defendant's website and as its domain name, in connection with the promotion of discounted goods and services of others, and marketing, advertising and offering the discounted goods and services of others under the mark in interstate commerce.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) (patent, copyright, trademark and unfair competition). This Court has jurisdiction over Groupon's related common law claim under 28 U.S.C. § 1367 (supplemental jurisdiction).

5. Venue and personal jurisdiction are proper in the Northern District of Illinois under 28 U.S.C. § 1391(b), since, *inter alia*, a substantial part of the events or omissions giving rise to the claim occurred here, the defendant is doing business in this district, and defendant has promoted discounted goods and services of others on their website, and provided services allowing consumers to purchase coupons, in connection with the marks confusingly similar to Groupon's mark, in this district.

## THE PARTIES

6.     Groupon is a corporation organized and existing pursuant to the laws of the State of Delaware. Groupon has a principal place of business located within this district at 600 West Chicago Avenue, Chicago, Illinois 60654. Groupon is in the business of, *inter alia*, promoting the goods and services of others through its website at www.groupon.com. Groupon's website feature coupons, price-comparison information, product reviews, links to the retail websites of others and discount information. Groupon provides its services under its Federal Registered Mark GROUPON. Groupon has continuously used its mark in connection with its promotional services since as early as October 21, 2008.

7.     Upon information and belief, Groupocity is a limited liability company organized and existing pursuant to the laws of the State of Delaware having a principal place of business at 5010 West Carmen Street, Suite 2160, Tampa, Florida 33609. Groupocity provides the identical services as Groupon and markets and advertises the identical types of goods and services in conjunction with the promotion of goods and services of others by providing a website that features coupons and discounts. Groupocity has regularly and systematically engaged in business in this district by offering its services to the citizens of Illinois through its website at www.groupocity.com.

8.     Defendant's unlawful acts alleged in this Complaint have occurred in this district and/or are directed to cause, and have caused or will cause, injury to Groupon within this district.

## GROUPON'S VALUABLE GROUPON MARK

9.     Since at least as early as October 2008, Groupon has continuously used its Federal Registered Mark in connection with promoting the goods and services of others by providing a

website featuring coupons, price-comparison information, product reviews, links to the retail websites of others, and discount information.

10. Groupon currently operates in over 50 cities nationwide including Chicago, Atlanta and Tampa Bay, offering daily deals and side deals unique to each city. Groupon offers one deal each day at a discount. Each deal requires a minimum number of buyers in order for the deal to activate. Groupon's website provides details about the particular deal being offered, *inter alia*, including the number of buyers needed to activate the deal and the amount and percentage discounted.

11. On September 22, 2009, the United States Trademark Office registered the service mark GROUPON in connection with promoting the goods and services of others by providing a website featuring coupons, rebates, price-comparison information, product reviews, links to the retail websites of others, and discount information. Plaintiff Groupon is the rightful owner of this registration, U.S. Reg. No. 3,685,954. See Exh. A (GROUPON Registration).

12. Since long before the acts of defendant described herein, Groupon has continuously and prominently displayed, marketed and advertised the GROUPON mark in its over 50 business locations including Illinois, and in connection with the promotion of goods and services of others by providing websites that feature coupons, rebates, price-comparison information, product reviews, links to the retail websites of others and discount information it offers to customers and potential customers. See Exh. B (GROUPON website page).

13. Groupon has invested substantial time, effort and expense extensively promoting, marketing and advertising the GROUPON mark in connection with its services, including the promotion, marketing and advertising of the GROUPON mark in this district. Groupon's advertisements have run in all the major newspapers in the Chicago area, among other areas, and

on many television and radio stations. Further, there have been numerous articles written about Groupon and the Groupon concept, and Groupon and the Groupon concept have been the subject of segments of numerous news programs on the major televisions stations in Chicago and elsewhere.

14. As a result of the continuous high-profile advertising, marketing and promotion of the GROUPON mark by Groupon, and the services provided in connection with the mark, the GROUPON mark has become, through public acceptance and recognition, an asset of substantial value symbolizing Groupon, its quality services, and its goodwill.

### DEFENDANT'S UNAUTHORIZED USE OF THE GROUPON MARK

15. Groupon has never authorized, licensed or otherwise permitted the defendant to use the GROUPON mark, or any confusingly similar variation thereof.

16. Without authorization, license or authority from Groupon, defendant has marketed and advertised the confusingly similar GROUPOCITY service mark on its website, and uses the domain name www.groupocity.com in connection with the promotion of goods and services of others. See Exh. C (GROUPOCITY website page).

17. Upon information and belief, prior to defendant's first use of the GROUPOCITY mark in connection with the identical services as those provided by Groupon, defendant knew or should have known of the GROUPON mark and services and the valuable reputation and goodwill symbolized by the GROUPON mark and its association with Groupon.

18. Upon information and belief, at the time defendant engaged in the acts complained of herein, defendant had actual knowledge of the valuable reputation and goodwill symbolized by Groupon's GROUPON mark and its association with Groupon. Despite Groupon's prior rights, defendant adopted, used in advertising and marketing, used on its

websites, and used as a domain name, a service mark confusingly similar to Groupon's GROUPON mark for the purpose of, and with the intention of, trading off of Groupon's goodwill and reputation.

19.     Consumers in this district can currently access Groupocity's services at www.groupocity.com and pay for and obtain coupons. Further, Groupocity has allowed consumers in this district to access its website and receive Groupocity's services therewith.

20.     On November 25, 2009, Groupon sent a letter via certified mail to defendant requesting that defendant cease and desist from using its confusingly similar name in connection with similar or identical services. See Exh. D (Groupon November 25, 2009 letter).

21.     On December 2, 2009, Groupocity, through its attorneys, responded to Groupon's letter and admitted that Groupocity was indeed using the GROUPOCITY mark as a trademark in connection with services identical to Groupon's services. See Exh. E (Groupocity December 2, 2009 letter). However, to date, defendant has not discontinued its confusingly similar use of the mark.

22.     Groupon has received telephone calls and emails and has had conversations with Groupocity's customers and retailers who had mistakenly believed that the Groupocity services emanated from Groupon and were inquiring about problems with the Groupocity services, including a failure to receive paid-for coupons, and the belief that the retailer was actually obtaining services from Groupon, not Groupocity.

23.     On information and belief, defendant has also received calls and emails, and has had communications with customers and retailers that initially believed they were communicating with Groupon, not defendant.

6

## DEFENDANT'S UNAUTHORIZED USE OF THE GROUPON MARK CONSTITUTES A LIKELIHOOD OF CONFUSION

24. Groupocity's unauthorized use of the GROUPON service mark, or a similar variation thereof, in connection with the promotion of goods and services of others by providing a website that features discounts has and is likely to continue to mislead, deceive, and confuse the purchasing public and the trade. Consumers have and will continue to conclude that Groupocity, through its use of the GROUPOCITY mark, is connected, associated or affiliated with Groupon.

25. Actual confusion as to source, sponsorship, affiliation, connection or identification has occurred between Groupon's use of its registered mark and Groupocity's unauthorized use of the GROUPOCITY mark. On a number of occasions, consumers contacted Groupon instead of Groupocity.

26. Groupocity's activities, as hereinabove pleaded, have and are likely to continue to cause confusion or mistake, or to deceive the consuming public and the trade as to the source or origin of the services offered by Groupon and the sponsorship and/or endorsement of those services by Groupon.

27. Groupocity's activities, as hereinabove pleaded, have and are likely to continue to dilute the value of the GROUPON mark by diminishing the public association of the mark with Groupon and working an adverse effect upon the distinctiveness of the mark, thus creating a likelihood of injury to Groupon's respected reputation.

28. As a result of the aforesaid acts by the defendant, Groupon has suffered and continues to suffer substantial damages and irreparable injury. Groupon has no adequate remedy at law, and unless defendant is restrained and enjoined by the Court, said acts will be continued and will continue to cause damage and irreparable injury to Groupon, and to damage its goodwill

and business reputation. Because of the threatened continuation of loss of customers and sales, and due to defendant providing an inferior product under the GROUPON mark or a similar variation thereto, Groupon cannot ascertain the precise amount of its damages at this time.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

29. As its first ground for relief, Groupon claims violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), based on federal trademark infringement. Groupon repeats and realleges the allegations of paragraphs 1 through 28 as if set forth fully herein.

30. Groupocity's unauthorized use of the infringing service mark GROUPOCITY in interstate commerce has caused and is likely to cause confusion, mistake, or deception as to source, association or sponsorship with Groupon's GROUPON mark. The relevant public has believed and is likely to believe Groupocity's services originate with, are licensed by, sponsored by, connected with, or associated with Groupon. Groupocity's unauthorized use of the infringing mark falsely represents Groupocity as being legitimately connected with Groupon, and places Groupon's reputation beyond Groupon's control.

31. Groupon has been and is being damaged by such trademark infringement and has no adequate remedy at law. Defendant's unlawful conduct will continue to damage Groupon unless enjoined by this Court.

32. Based on Groupocity's previous and continuing knowledge of Groupon's Federal Registered Mark and continued activities, Groupocity's trademark infringement is willful.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

33. As its second ground for relief, Groupon hereby alleges federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Groupon repeats and realleges the allegations of paragraphs 1 through 32 above, as though fully set forth herein.

34. Groupocity's adoption and use of the GROUPON mark, or approximations or simulations thereof, as hereinabove pleaded, constitutes use of a false designation of origin or a false representation, which wrongfully and falsely designates, describes or represents the origins of Groupocity's services and business as originating from or being in connection with Groupon when this is not the case, and thereby constitutes a false description or representation used in interstate commerce.

35. Groupon has been and is being damaged by such violation and has no adequate remedy at law. Defendant's unlawful and willful conduct will continue to damage Groupon unless enjoined by this Court.

36. Based on Groupocity's previous and continuing knowledge of Groupon's Federal Registered Mark and continued activities, Groupocity's federal unfair competition violation is willful.

## COUNT III
## FEDERAL DILUTION
## VIOLATION OF SECTION 43(c) OF THE LANHAM ACT

37. As its third ground for relief, Groupon hereby alleges federal dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Groupon repeats and realleges the allegations of paragraphs 1 through 36 above, as though fully set forth herein.

38. Groupocity's adoption and commercial use of the GROUPON mark, or approximations or simulations thereof, as hereinabove pleaded, constitutes use in commerce of a mark or trade name after that mark has become famous, and causes dilution of the distinctive quality of the famous GROUPON mark, and thereby constitutes dilution of the mark.

39. Groupon has been and is being damaged by such violation and has no adequate remedy at law. Defendant's unlawful and willful conduct will continue to damage Groupon unless enjoined by this Court.

40. Based on Groupocity's previous and continuing knowledge of Groupon's Federal Registered Mark and continued activities, Groupocity's dilution of the GROUPON mark is willful.

## COUNT IV
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

41. As its fourth ground for relief, Groupon hereby alleges deceptive trade practice violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill.Comp.Stat. § 510/1, *et seq*. Groupon repeats and realleges the allegations of paragraphs 1 through 40 above, as though fully set forth herein.

42. The Illinois Uniform Deceptive Trade Practices Act, 815 Ill.Comp.Stat.§ 510/1, *et seq.*, provides that a person engages in deceptive trade practices when, *inter alia,* he "(1) passes off goods or services as those of another; ... (3) causes likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another; ... [or] (5) represents that goods or services have sponsorship, approval, characteristics, ... that they do not have...." regardless of whether or not there is "competition between the parties or actual confusion or misunderstanding." 815 Ill.Comp.Stat. § 510/2.

43. Groupocity's unauthorized use of the GROUPON mark, or approximations or simulations thereof, trades on the business reputation and goodwill of Groupon with the intention of deceiving the public into believing that Groupocity is affiliated, connected or associated with Groupon in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill.Comp.Stat. § 510/1-7 (1965).

44. Groupon has been and is being damaged by such violation and has no adequate remedy at law. Defendant's unlawful and willful conduct will continue to damage Groupon unless enjoined by this Court.

45. Based on Groupocity's previous and continuing knowledge of Groupon's Federal Registered Mark and continued activities, Groupocity's violation of the Illinois Uniform Deceptive Trade Practices Act is willful.

## COUNT V
## VIOLATION OF ILLINOIS CONSUMER FRAUD
## AND DECEPTIVE BUSINESS PRACTICES ACT

46. As its fifth ground for relief, Groupon hereby alleges deceptive trade practice violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill.Comp.Stat. § 505/1, *et seq.* Groupon repeats and realleges the allegations of paragraphs 1 through 45 above, as though fully set forth herein.

47. The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill.Comp.Stat. § 505/1, *et seq.*, makes "the use or employment of any deception[,] fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, ... or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act'... in the conduct of any trade or commerce" unlawful, regardless

whether "any person has in fact been misled, deceived or damaged thereby." 815 Ill.Comp.Stat. § 505/2.

48. Groupocity's continuing unauthorized use of the GROUPON mark, or approximations or simulations thereof, so as to mislead and deceive the public by suggesting an association, connection or affiliation of Groupocity with Groupon is an unfair method of competition and a deceptive act or practice in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill.Comp.Stat. § 505/1-12 (1961).

49. Groupon has been and is being damaged by such violation and has no adequate remedy at law. Defendant's unlawful conduct will continue to damage Groupon unless enjoined by this Court.

50. Based on Groupocity's previous and continuing knowledge of Groupon's Federal Registered Mark and continued activities, Groupocity's violation of the Illinois Consumer Fraud and Deceptive Business Practices Act is willful.

## COUNT VI
## VIOLATION OF ILLINOIS TRADEMARK REGISTRATION
## AND PROTECTION ACT AND COMMON LAW

51. As its sixth ground for relief, Groupon hereby alleges dilution in violation of the Illinois Trademark Registration and Protection Act, 765 ILCS 1036 (1998), and the common law of Illinois. Groupon repeats and realleges the allegations of paragraphs 1 through 50 above, as though fully set forth herein.

52. Groupocity's continuing unauthorized use of the GROUPON mark, or approximations or simulations thereof, in promoting their operation is a violation of the Illinois Trademark Registration and Protection Act, 765 ILCS 1036 (1998), and the common law of Illinois in that it diminishes the public association of the GROUPON mark with Groupon and

12

works an inexorably adverse effect upon the distinctiveness of the GROUPON mark by diluting the quality of the mark and by creating a likelihood of injury to Groupon's respected reputation.

53. Groupon has been and is being damaged by such violation and has no adequate remedy at law. Defendant's unlawful conduct will continue to damage Groupon unless enjoined by this Court.

54. Based on Groupocity's previous and continuing knowledge of Groupon's Federal Registered Mark and continued activities, Groupocity's violation of the Illinois Trademark Registration and Protection Act is willful.

## COUNT VII
## VIOLATION OF COMMON LAW UNFAIR COMPETITION

55. As its seventh ground for relief, Groupon hereby alleges common law unfair competition. Groupon repeats and realleges the allegations of paragraphs 1 through 54 above, as though fully set forth herein.

56. As a result of its actions, as hereinabove pleaded, Groupocity has misappropriated valuable property rights of Groupon, is trading on the goodwill of Groupon as symbolized by Groupon's distinctive GROUPON mark, and has and is thereby likely to further confuse and deceive members of the purchasing public in violation of the common law of unfair competition of the State of Illinois.

57. Groupon has been and is being damaged by such violation and has no adequate remedy at law. Defendant's unlawful conduct will continue to damage Groupon unless enjoined by this Court.

58. Based on Groupocity's previous and continuing knowledge of Groupon's Federal Registered Mark and continued activities, Groupocity's violation of Common Law Unfair Competition is willful.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Groupon, Inc. demands:

1. That defendant, their officers, agents, servants, employees, licensees, attorneys, successors, related companies, parent companies, and assigns, and all those in active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined and restrained from:

    a. Using the GROUPON mark or any other similar mark, domain name or designation that is confusingly similar to the GROUPON mark or gives rise to a likelihood of confusion, mistake or deception with respect to Groupon's GROUPON mark;

    b. Doing any other act or thing likely to induce the mistaken belief that defendant or their services or business, is in any way approved by or affiliated, connected or associated with Groupon or Groupon's services; and

    c. Unfairly competing with Groupon in any manner whatsoever or causing injury to the business reputation of Groupon.

2. That defendant deliver for destruction all advertisements, brochures, current inventory of products, and related materials that utilize the GROUPON mark or approximations or simulations thereof, and remove the same from any and all websites in its possession or control that bear the mark;

3. That an accounting is granted against defendant, and Groupon be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

      a. All profits received by defendant from sales and revenues of any kind made as a result of their unlawful actions; and

      b. All damages sustained by Groupon as a result of defendant's acts of infringement and unfair competition;

4. That defendant file with the Court and serve upon Groupon within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which defendant have complied with the injunction.

5. That because of the exceptional nature of this case, resulting from defendant's deliberate and willful infringement, this Court award Groupon its reasonable attorneys' fees, costs and disbursements.

6. That Groupon shall have such other and further relief as this Court may deem just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                                                         GROUPON, INC.

Date: February 19, 2010

                                                s/Jeffrey A. Pine
                                                Jeffrey A. Pine
                                                Allison M. Corder
                                                VALAUSKAS & PINE LLC
                                                150 South Wacker Drive
                                                Suite 620
                                                Chicago, Illinois 60606
                                                (312) 673-0360 Telephone
                                                (312) 673-0361 Facsimile

                                                Attorneys for Plaintiff,
                                                GROUPON, INC.

## VERIFICATION

I, Andrew Mason, declare under penalty of perjury that I have read the foregoing Verified Complaint for Trademark Infringement, Unfair Competition, Dilution, Consumer Fraud and Deceptive Trade Practices and that the allegations contained in that complaint are true and correct to the best of my knowledge, information and belief.

Executed this 17th day of February 2010.

_____
Andrew Mason